UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                        Plaintiff,

           -against-

GRANADA TOWERS CONDOMINIUM, DAVE
SOREN, MARILYN TOPPER, BRIGETTE
WALLITSCH, GRANADA TOWERS,

                        Defendants.
----------------------------------------------------------------X

**ORDER**
16-CV-2960 (JMA)(AYS)

**AZRACK, District Judge:**

      The instant case is one of approximately twelve in forma pauperis complaints that pro se plaintiff Anthony G. Bell ("Plaintiff") has filed with this Court.[1] Plaintiff's complaint was dismissed with prejudice on March 5, 2017. (ECF Nos. 18, 19.) Plaintiff now seeks leave to reopen this case. (ECF No. 20.) For the following reasons, Plaintiff's motion to reopen is denied.

                    **I.   DISCUSSION**

      Plaintiff filed a complaint and motion to proceed in forma pauperis in this action on June 6, 2016. (ECF Nos. 1, 2.) The complaint alleged claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants, alleging racial discrimination. (ECF No. 1.) On November 22, 2016, the Court granted Plaintiff's motion to proceed in forma pauperis, but sua sponte dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). (ECF No. 15.) Plaintiff was granted 30 days to file an amended complaint and warned that failure to comply would result in

---

[1] See, e.g. 16-CV-2687(JMA)(AYS) Bell v. Cnty. of Nassau, et al.; 16-CV-2688(JMA)(AYS) Bell v. City of Long Beach, LI, NY; 16-CV-2959(JMA)(AYS) Bell v. Sposato, et al.; 16-CV-2960(JMA)(AYS); 16-CV-3521(JMA)(AYS) Bell v. City of Long Beach; 16-CV-3385(JMA)(AYS) Bell v. Bogle; 16-CV-3664(JMA)(AYS) Bell v. State of New York; 16-CV-3665(JMA)(AYS) Bell v. Armor Corr. Health, Inc., et al.; 16-CV-3931(JMA)(AYS) Bell v. New York State Comm. of Corr.et al.; 16-CV-4683(JMA)(AYS) Bell v. Nassau Cnty., et al., 16-CV-4639(JMA)(AYS) Bell v. Armor Corr. Health Inc., et al.

dismissal of this case with prejudice. (Id.)

Plaintiff failed to file an amended complaint within the time proscribed but provided an updated address in December 2016. (ECF No. 16.) Accordingly, the Court re-sent the November 22, 2016 Memorandum and Order to Plaintiff's updated address and granted Plaintiff until March 6, 2017 to file an amended complaint, again warning him that failure to comply would result in dismissal of his claims with prejudice. (Electronic Order, Feb. 6, 2017.) Around the same time, Plaintiff filed a letter dated January 18, 2017 (received by the Court February 8, 2017) requesting 60 days to provide the Court with evidence for his many cases. (ECF No. 17.) However, Plaintiff failed to file an amended complaint, or otherwise contact the Court over the next several months. Accordingly, on May 5, 2017, the Court dismissed Plaintiff's claims against defendants with prejudice, and closed the case. (ECF Nos. 18, 19.)

More than eighteen months later, in December 2018, Plaintiff filed the instant motion to reopen this case, together with another of his in forma pauperis cases, No. 2:16-cv-5820(JMA)(AYS). (ECF No. 20.) He alleges that after he was released from jail in November 2016, he did not move to permanent housing until September 22, 2017 and complains about issues receiving mail from USPS. (Id.) Accordingly, he requests "more time to get the necessary paperwork to [the Court]."

The Court construes Plaintiff's request as a motion pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a district court to exercise discretion to relieve a party from a final judgment under certain circumstances, including as relevant here, for "mistake, inadvertence, surprise, or excusable neglect" or "any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Motions made pursuant to Rule 60(b) are required to be made "within a reasonable time," and when the request is based on "mistake, inadvertence, surprise, or excusable neglect," no more than one year following the entry of judgment. Fed. R. Civ. P. 60(b)(1), (c)(1).

"Relief under Rule 60(b), however, may be granted only in extraordinary circumstances." United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994) (internal quotation omitted); see also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") "In evaluating a Rule 60(b) motion, courts in this circuit also require that the evidence in support of the motion be 'highly convincing,' that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." Kampuries v. Am. Honda Motor Co., No. 15-CV-5061, 2018 WL 3442796, at *2 (E.D.N.Y. July 17, 2018). "[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." Id. (internal quotation omitted).

Here, Plaintiff filed his request to reopen well over a year after judgment was issued. Accordingly, any request for relief based on "mistake, inadvertence, surprise, or excusable neglect" is untimely. Fed. R. Civ. P. 60(b)(1), (c)(1). Furthermore, Plaintiff has not alleged any "extraordinary circumstances" to suggest there is any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(6). Nor did Plaintiff make his motion "within a reasonable time" as required by Rule 60(c)(1). Even based on the representations in Plaintiff's letter motion, the eighteen-month delay in filing this motion is simply unreasonable.

While the Court is sympathetic to Plaintiff's reported housing issues, Plaintiff fails to explain his delay in communicating with the Court between September 2017, when he asserts he found permanent housing, and December 2018. Furthermore, he does not identify how he can cure the pleading deficiencies identified in the Court's November 22, 2016 Order dismissing his complaint. Accordingly, Plaintiff's motion to reopen is denied.

## II. CONCLUSION

For the forgoing reasons, Plaintiff's motion to reopen the instant case is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy to the pro se plaintiff at his last known address.

**SO ORDERED.**　　　　　　　　　　　　　　　　　/s/ (JMA)
　　　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated: September 30, 2019　　　　　　　　　United States District Judge
　　　　Central Islip, New York